UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

    -against-                                1:17-CV-1269 (LEK/CFH)

SKIDMORE COLLEGE,

                    Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Jane Doe, a former student at Skidmore College, filed this suit on November 17, 2017, alleging that Skidmore violated the Americans with Disabilities Act ("ADA") and New York Human Rights Law ("NYHRL") by failing to reasonably accommodate her learning disability. Dk. No. 1 ("Complaint"). On February 16, 2018, Skidmore moved for judgment on the pleadings. Dkt. No. 9. In an August 20, 2018 Memorandum-Decision and Order, the Court denied Skidmore's motion as to the ADA and NYHRL claims. Dkt. No. 15 ("August MDO").[1] The case entered discovery, but before discovery was complete, the parties agreed to settle the case contingent upon the Court vacating the August MDO.

Now before the Court is the parties' joint motion asking the Court to vacate the August MDO under Federal Rule of Civil Procedure ("FRCP") 60(b). Dkt. No. 24 ("Joint Motion"). For the below reasons, the Court grants the Joint Motion.

---

[1] For additional factual background, the Court refers readers to the August MDO.

## II. DISCUSSION

A court may vacate a decision under FRCP 60(b)(6) for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), including as a condition of settlement, see, e.g., BMC, LLC v. Verlan Fire Ins. Co., No. 04-CV-105, 2008 WL 2858737, at *1 (W.D.N.Y. July 22, 2008). "Vacatur of a judgment or order as part of a settlement is an 'extraordinary remedy,' and should be granted only in 'exceptional circumstances.'" Id. at *1 (quoting U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994)); see also Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir. 2001). "In determining whether a proposed settlement constitutes an exceptional circumstance that justifies the vacatur of a district court order, opinion, or judgment, courts weigh the private interests served by settlement and vacatur against the public interests prejudiced thereby." In re Take-Two Interactive Sec. Litig., No. 06-CV-803, 2008 WL 3884360, at *1 (S.D.N.Y. Aug. 21, 2008); see also United States v. Reid, No. 96-CV-2004, 2000 WL 1843291, at *1 (E.D.N.Y. Oct. 31, 2000) ("The decision to vacate an order is discretionary and involves a balancing of interests.") (citing Nemaizer v. Baker, 793 F.2d 58, 61–62 (2d Cir. 1986)). The burden is on the party or parties seeking vacatur to show that such relief "is equitably justified by exceptional circumstances." Major League Baseball Props. Inc. v. Pac. Trading Cards Inc., 150 F.3d 149, 151 (2d Cir. 1998).

Here, the balance of the interests falls on the side of granting the parties' motion for vacatur. Beginning with the private interests of the litigants, the fact that the Joint Motion was brought by both parties weighs in favor of granting vacatur. See Chamberlain ex rel. Aberdeen Glob. Income Fund, Inc. v. Aberdeen Asset Mgmt. Ltd., No. 02-CV-5870, 2005 WL 1378757, at *1 (E.D.N.Y. Apr. 12, 2005) ("[V]acatur is authorized . . . particularly where the victor [and] the losing party [are] in agreement that vacatur would be desirable."). Second, vacatur would result in settlement, enabling "the parties to avoid the further expenditure of valuable time and

resources." BMC, 2008 WL 2858737, at *2. This consideration is particularly poignant here, where the litigation is still young and the parties have yet to complete paper discovery or conduct depositions. Joint Mot. at 1, 4.

Nor would the public interest be unduly prejudiced by vacatur. First, "there is no evidence to suggest that vacatur in this case would adversely impact nonparties to the litigation." Pitterman v. Gen. Motors LLC, No. 14-CV-967, 2018 WL 6435902, at *3 (D. Conn. Dec. 7, 2018). Next, the August MDO was decided early in the case, before "considerable judicial resources . . . ha[d] already been expended in litigating the issues." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995) (denying vacatur where the case had already proceeded to trial, and trial "lasted twelve days, involved a great many exhibits[,] and [resulted in] a judgment approximating $7 million"). Further, "the public interest in preserving judicial precedent is 'less compelling when, as here, the judgment to be vacated is one of a federal district court' because '[d]istrict court decisions, unlike the decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense[.]'" Pitterman, 2018 WL 6435902, at *2 (quoting ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 112 (2d Cir. 2008)) (alterations in original). Finally, Jane Doe requested unusual accommodations from Skidmore, "evidenced by the fact that neither party could point to any relevant or applicable case law in support of their positions." Joint Mot. at 3 (citing Dkt. Nos 9, 12). This reduces the August MDO's precedential value even further, given that "it addresses an issue that is [not] likely to be revisited with any regularity." See Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG, No. 06-CV-6389, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010) ("[T]he public interest in preserving the Opinion is relatively small, given the narrow issues resolved in the Opinion.").

3

Moreover, allowing vacatur here, with settlement contingent upon it, is consistent with the "[s]everal district courts within this circuit [that] have . . . found exceptional circumstances to exist where vacatur would permit a settlement to proceed." Zomber v. Stolz, No. 09-CV-4637, 2012 WL 1427775, at *3 (E.D.N.Y. Apr. 25, 2012); see also BMC, 2008 WL 2858737, at *2 (finding that the "private interest of the parties in settling this litigation outweighs any public interest in preserving the finality of judgments and the development of decisional law"); Chamberlain, 2005 WL 1378757, at *1 (granting Rule 60(b) motion in order to permit the parties to proceed to settlement); Vladimir v. U.S. Banknote Corp., 976 F. Supp. 266, 267 (S.D.N.Y. 1997) (concluding that "vacatur of the jury verdict as a condition of the settlement is appropriate in this case"). By contrast, in many of the cases where a court declined to grant vacatur, the moving party filed the FRCP 60(b) motion after the matter settled, rather than as a condition precedent to settlement. See, e.g., Leser v. U.S. Bank Nat. Ass'n, No. 09-CV-2362, 2014 WL 2154993, at *4 (E.D.N.Y. May 22, 2014) ("Leser has *already* settled the matter, and therefore . . . surrender[ed] his claim to the equitable remedy of vacatur.") (internal quotation marks omitted). In view of this case law and the public and private interest factors discussed above, the Court finds that the parties have met their burden of demonstrating exceptional circumstances.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the parties' Joint Motion (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED**, that the Court's prior Memorandum-Decision and Order (Dkt. No. 15) is **VACATED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 03, 2020
	Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge